UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR FABIAN BARROS GARCIA, | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:26-2673 |
| v. | : | (JUDGE MANNION) |
| WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, | : | |
| Respondent | : | |

**MEMORANDUM**

Pending before the Court is Oscar Fabian Barros Garcia's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED** insofar as it requests a bond hearing.

## I. BACKGROUND

Petitioner is a citizen and national of Ecuador. (Doc. 5-2 at 1). He entered the United States at Miami, Florida, on May 7, 2019, as a B2 non-immigrant (temporary visa), not to exceed November 6, 2019. *Id.* at 1, 3. Petitioner filed applications for I-765 employment authorization, I-485 permanent resident status, and I-130 alien relative based on his marriage to a United States citizen. *Id.* at 3. These applications remain pending. *Id.*

On August 12, 2023, Allentown (Pennsylvania) Police arrested Petitioner for driving under the influence ("DUI"). *Id.* Petitioner entered the Accelerated Rehabilitative Disposition ("ARD") program for twelve months. *Id.* On June 15, 2026, Whitehall Township (Pennsylvania) Police Department arrested Petitioner for DUI. *Id.* On August 10, 2026, Whitehall Township Police Department arrested Petitioner for writing bad checks. *Id.* Both Petitioner's Whitehall Township charges remain pending. *Id.*

On August 11, 2026, Pike Enforcement and Removal Operations ("ERO") encountered Petitioner at the Lehigh County (Pennsylvania) Prison after his arrest for bad checks. *Id.* at 2. Officers conducted records checks and established probable cause indicating that Petitioner is a deportable alien under the Immigration and Nationality Act ("INA") §237(a)(1)(B). *Id.* Based on this determination, Pike ERO issued an immigration detainer and warrant for Petitioner's arrest. *Id.* ICE took Petitioner into custody on August 26, 2026, and issued him a Notice to Appear ("NTA") before an immigration judge ("IJ"). *Id.*; *see also* (Doc. 5-3). Petitioner was brought to the Pike County Correctional Facility, where he currently remains. (Doc. 1 at 1). He is scheduled for a master hearing before IJ Corey Combs on November 10, 2026. *See* EIOR Automated Case Information, A-Number: 2236-204-269, Nationality: Ecuador (last accessed on Oct. 28, 2026).

Petitioner filed the instant petition on September 14, 2026. (Doc. 1). Respondent filed a response to the petition on October 1, 2026. (Doc. 5). Petitioner did not file a traverse. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that

§1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)).

Respondent argues that because Petitioner did not request a bond hearing before an IJ, he should have requested one prior to turning to this Court for relief. (Doc. 5 at 5). In other words, Respondent argues that Petitioner's request for relief is premature because he has not first requested a bond determination. *Id.* However, this argument fails to acknowledge the Court's discretion to apply the administrative remedy doctrine in habeas proceedings.

Respondent claims that Petitioner is detained under 8 U.S.C. §1226(a), which *entitles* him to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). For this Court to deny the instant petition without prejudice for the mere purpose of forcing Petitioner to prolong his detention and request a hearing to which he is entitled would be a waste of judicial economy. Therefore, even if it were true that the impetus to request a bond hearing was on Petitioner, in exercising its discretion, this Court will nonetheless analyze the merits of Petitioner's wrongful detention claim.

**c. 8 U.S.C. §1226(a) applies to Petitioner**

Respondent claims that Petitioner's detention is discretionary pursuant to 8 U.S.C. §1226(a). (Doc. 5 at 3).

In *Cunha v. Freden*, the United States Court of Appeals for the Second Circuit ruled that it is "clear that Section 1226(a) governs detention of

noncitizens like Petitioner . . . who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 175 F.4th 61, 69 (2d Cir. 2026).

Since *Barbosa da Cunha*, several other circuit courts have joined the Second Circuit in ruling that §1226(a) applies. *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 2026 WL 1876709 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *cf. Castañon-Nova v. United States Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) ("*Castañon-Nova I*"); *see also Castañon-Nova v. United States Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. May 5, 2026) ("*Castañon-Nova II*"). Most significantly for this Court, the United States Court of Appeals for the Third Circuit recently joined the consensus interpretation. *See Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026).

§1226(a) allows the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing

conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527, *supra*; *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

"Federal regulations provide that aliens detained under §1226(a) receive bond hearings **at the outset of detention**." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§236.1(d)(1), 1235.1(d)(1)) (emphasis added). Here, Petitioner has been detained since August 26, 2026, and has still has not received a bond hearing. (Doc. 5-2 at 2).

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. CONST. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Government has a responsibility to ensure that citizens and non-citizens alike are afforded due process. The

Government's argument that, because Petitioner did not ask it to protect his rights through a bond hearing, he is not entitled to relief, violates the letter and spirit of the law. The Court reminds the Government of its duty and responsibility to afford due process rights to §1226(a) detainees **at the outset** of their detention.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it requests a bond hearing. The Government will be required to provide Petitioner with a bond hearing under 8 U.S.C. §1226 within fourteen (14) days of the Court's accompanying order. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/4/26
26-2673-01